GREENBERG, GALLIN & COMPANY, INC., Appellant, v. MASSACHU-SETTS BONDING AND INSURANCE COMPANY, Respondent. (Action No. 2.)

First Department, June 3, 1927.

Insurance — burglary insurance — action on policy — defense that policy had been suspended — reply alleging that suspension notice was not "formal notice" and was not served by "duly accredited representative" raises issues of fact — issues raised notwithstanding admission by plaintiff that "notice" was served by adjuster of claims.

This is an action to recover on a policy of burglary insurance. The defendant interposed a defense that the policy was suspended prior to the alleged loss of the plaintiff and was never reinstated. Plaintiff's reply which, though admitting receipt of a notice served on it by one of defendant's claim adjusters, alleges that the notice of suspension did not comply with the provisions of the policy, that it was not a "formal notice" and was not served upon the plaintiff by a duly accredited representative of the defendant, raises issues of fact, and it was, therefore, error for the court to grant defendant's motion for judgment on the pleadings.

APPEAL by the plaintiff, Greenberg, Gallin & Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of October, 1926, granting defendant's motion for judgment on the pleadings; also from a judgment entered in said clerk's office on the 16th day of November, 1926, pursuant to said order, and also from an order entered in said clerk's office on the 12th day of November, 1926, denying plaintiff's motion to resettle the order entered on November 20 1926, and for leave to serve an amended reply.

*Emil Weitzner* of counsel [*Alfred B. Nathan,* attorney], for the appellant.

*Joseph L. Prager* of counsel [*Harris Jay Griston* with him on the brief; *Joseph L. Prager,* attorney], for the respondent.

McAVOY, J. The defendant's motion for judgment on the pleadings was granted and plaintiff's motion for a resettlement of that order granting such motion so as to provide for permission

to the plaintiff to serve an amended reply was denied.   Both orders are appealed from.

The action is brought under a burglary insurance policy. to recover the sum of over $7,500 for a loss by burglary said to have been sustained by plaintiff on February 15, 1924.

The answer denies most of the material allegations of the complaint and sets forth seven defenses, with only the first of which are we here concerned.   It sets out, in effect, that in and by the terms of the policy it could be suspended by the company, and that the policy was suspended by the company in accordance with the terms and conditions thereof prior to the date of the alleged loss, and was never reinstated, and, therefore, was not in force and effect at the time of the loss.

A reply was served pursuant to a direction of an order to this defense, in which it is admitted that a notice was sent, but that said notice referred to in the affirmative defense did not comply with the provisions of the 11th clause of the general agreements contained in the policy sued on, and thus did not suspend the policy at the time of the loss in February, 1924.   It also alleged that said notice was not a formal notice and that it was not served upon the plaintiff by a duly accredited representative of the defendant, and it is further alleged in the reply that the requirements of said notice were unreasonable, in that it would have been necessary for the plaintiff to have expended a sum at least of $2,500 in order to do the necessary work specified in the notice.

We do not decide whether this last item of defense is available, because without the entire policy's provisions before us it cannot be ruled surely that the provision as to reasonable security according to the company's requirements was open to the construction that plaintiff maintains should prevail.   If the premium was suspended during the period of the policy's suspension, it would be arguable that the company might require any safeguards which seemed fit to the insurer, to make the premises reasonably secure.   If the premium continued to run after such notice of suspension of the policy, the question would hardly be an open one.   We leave this for the trial.

The policy under which the plaintiff claims had this clause under the title of " General Agreements," reading as follows:

" 11. A duly accredited representative of the Company shall have the right at all reasonable times to inspect the said premises, and may at any time, by formal notice served upon the assured or mailed to the assured at the address of the said premises, suspend this policy until the said premises shall have been made reasonably secure, as required in said notice.   Upon suspension of the policy,

as herein provided for, the Company shall not be liable for any loss which may occur until a formal notice of the Company's satisfaction with the condition of the said premises shall have been given to the assured."

The issues which plaintiff contends survive such admissions as are contained in its reply, are, *first,* whether the notice that was served is to be deemed a formal notice, as required in this clause 11 of the policy; *second,* whether one Alfred Pfeiffer, an adjuster of claims, who served the notice, was a duly accredited representative of the defendant as required by the same clause of the policy; and *third,* whether the installation of a central burglary alarm system, as specified in the notice which was sent on January 11, 1924, and the installation of which would subject the assured to an expense of $2,500, was necessary for such reasonable security as is provided for in that clause.

While there is an admission that the party received a notice, and it also appears that the person who left the notice was an adjuster for the company, and although the company contends that it was allowed under this clause to make any direction for compliance to secure the premises against burglary, whether reasonable or not in price so long as the company deemed it a proper requirement for security, we think that there was a sufficient issue raised upon the first two mentioned of these matters to prevent a motion for judgment on the pleadings in behalf of the defendant from prevailing in view of the denials of the reply and the defense offered and that the order should, therefore, be reversed and the motion for judgment on the pleadings denied.

As to the appeal from the denial of the motion to resettle the order by permitting the plaintiff to serve an amended reply, that appeal need not be determined in view of the decision on the question presented on plaintiff's appeal from the order granting the motion for judgment.

The order granting motion for judgment on the pleadings, and the judgment thereupon entered, should, therefore, be reversed, with costs to the appellant, and the motion denied, with ten dollars costs; and the appeal from the order denying plaintiff's motion to resettle said order for judgment and for leave to serve an amended reply, dismissed.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order entered October 20, 1926, and the judgment appealed from reversed, with costs, and motion denied, with ten dollars costs. Appeal from order entered November 12, 1926, dismissed.